PHILLIPS v. WISEMAN.

(Filed December 2, 1902.)

DOWER—*Adultery of Wife*—*The Code, Sec. 2102*—*Acts 1893, Chap. 153.*

> A wife who commits adultery and is not living with her husband at the time of his death is thereby deprived of her dower.

ACTION by M. A. Phillips against Blake Wiseman and Sarah A. Phillips, heard by Judge *W. A. Hoke* and a jury, at May Term, 1902, of the Superior Court of MITCHELL County. From a judgment for the plaintiff, the defendants appealed.

*A. C. Avery,* for the plaintiff.
*S. J. Ervin,* for the defendant.

COOK, J.   Some years after the marriage of plaintiff with M. P. Phillips, he (M. P. Phillips) abandoned her and took up with the defendant Sarah A. Phillips, *alias* McKinney, and continuously lived in adultery with her until his death. By his last will and testament he devised the land described in the petition to said Sarah, and his widow, the plaintiff, dissented therefrom, and instituted this special proceeding to recover her dower therein.

The verdict of the jury establishes the fact to be that after her husband had abandoned and separated himself from her,

PHILLIPS *v.* WISEMAN.

and while he was living in adultery with said Sarah, the plaintiff committed adultery. Defendant Sarah pleads such adultery in bar of plaintiff's right to dower in the husband's lands, under section 2102 of The Code, wherein it is provided that "If any married woman shall commit adultery and shall not be living with her husband at his death, she shall thereby lose all right to dower; * * * and any such adultery may be pleaded in bar of any action or proceeding for the recovery of dower"; and insists that plaintiff is barred thereby. His Honor rendered judgment in favor of plaintiff, and said Sarah appealed.

Applying the statute to the facts found, plaintiff is barred from recovering dower in her husband's lands, and his Honor erred in rendering judgment for the plaintiff. She committed adultery during their marriage, and was not living with her husband at his death. It is not contended that there was any act of condonement. The fact that he did wrong can be no excuse for her to do likewise. His violation did not justify her in violating her marriage vow. So the statute creating dower rights is framed for the benefit of the guiltless —not those *in pari delicto*. We have carefully examined all of the statutes and amendments bearing upon this subject, including the Acts of 1893, Chap. 153, which is strongly relied upon by the learned counsel for plaintiff, to see if any exception is made expressly or by intendment in favor of the wife who, by reason of the fault or wrongdoing of her husband, or by reason of separation from him, has been led into evil ways, and can find none which can be so construed. It is a great hardship and a gross wrong for the adulteress to become the owner of his lands, to the exclusion of her who "had been a faithful, true and dutiful wife up to the time when he deserted her," and, but for his disreputable conduct, it is most probable that she would never have fallen; *sed ita lex scripta est.* And the judgment of the Court below must be

Reversed.